RALPH FANTAUZZO AND SADDLE RIVER TOWNSHIP BUILDING AND LOAN ASSOCIATION, PLAINTIFFS, v. PHOENIX ASSURANCE COMPANY OF LONDON, AMERICAN EAGLE FIRE INSURANCE COMPANY, AND FEDERAL INSURANCE COMPANY, DEFENDANTS.

Argued October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Joseph T. Lieblich.*

*Contra, Arthur T. Vanderbilt.*

PER CURIAM.

The action in this case was a joint one in which Fantauzzo sought to recover on two policies against the Phoenix Insurance Company and on another policy against the Federal Insurance Company for loss sustained by fire damage to a building, and on still another policy against the American Eagle Insurance Company for like damage to household goods. The Saddle River Township Building Association sued as mortgagee on all of the policies covering the building. The case was tried as one before a judge and jury and resulted in a verdict being rendered in the following form:

"2. Federal policy void because the plaintiff acquired under false representations.

"a. Saddle River Building and Loan was entitled to full recovery with interest at the legal rate on two Phoenix policies.

"b. Plaintiff entitled to remainder of amount of the two Phoenix policies after the Saddle River claim has been deducted.

"3. Plaintiff entitled to $1,000 with legal rate of interest on American Eagle policy."

Plaintiffs and defendants then presented to the Circuit Court judge *posteas* for signature. That presented by the defendants was signed by the judge and is in the following form:

"The jury returned the following verdict:

"1. The sum of $1,132.43 in favor of the plaintiff Ralph Fantauzzo, against defendant Phoenix Assurance Company of London.

"2. The sum of $1,253.57 in favor of plaintiff Saddle River Township Building and Loan Association against Phoenix Assurance Company of London.

"3. The sum of $1,194 in favor of plaintiff Ralph Fantauzzo against defendant American Eagle Fire Insurance Company.

"4. In favor of defendant Federal Insurance Company and against plaintiffs."

The *postea* as presented by the plaintiffs would award to Fantauzzo $1,679.27 against the Phoenix company on both policies and $1,421.46 for the building association, and otherwise, was in accordance with the *postea* as signed.

The verdict was rendered June 11th, 1930. No application was made to the trial judge for a rule for new trial within the six days required by the rules of the court. The *postea* was signed on July 1st, 1930, and on July 11th the trial judge allowed a rule to show cause before this court "why the *postea* as signed should not be reformed, recasted, and/or restated, altered or amended to comply and conform with the intent and verdict as rendered by the jury * * * and that judgment be entered in conformity therewith * * * and in the alternative why the verdict as entered should not be set aside," reserving exceptions.

Insofar as the rule is in the alternative praying a new trial it is without force, not having been applied for to the Circuit judge within six days after the rendition of the verdict as required by the rules of this court. Insofar as it seeks a modification or restatement of the *postea,* no reasons for such modification are set forth in the state of the case as required by our rules. If the reasons urged in the brief of the plaintiffs, and which it is claimed were actually filed (but after the thirty days allowed by rule of court), are examined and considered, they disclose a claim not that the *postea* should be annulled or set aside, but in substance that it should be modified by substituting the amounts set forth in the *postea* as presented by the plaintiffs.

The verdict in the respects here involved is so informal that its sufficiency to sustain any judgment for money damages is more than doubtful, and our examination leads us to the conclusion that we could not properly make use of it, even if reasons in support of the rule had been filed in time and printed in the case, to enlarge the awards.

The rule is discharged.